

**INNOVATIVE LEGAL SERVICES, P.C.**

Compliance | Litigation | Transaction | Immigration

December 13, 2024

Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street,
White Plains, New York 10601

> Application granted. Defendant's unredacted December 13, 2024 pre-motion letter (Doc. 46) shall remain under seal.
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> December 16, 2024

**Re:   Otter Products, LLC v. 4PX Express USA Inc.**
       7:23-cv-11111-PMH - Redaction of certain papers relating to 4PX's letter re pre-motion conference re MSJ

Dear Judge Halpern,

This firm represents Defendant 4PX Express USA Inc. in the above-referenced action. I write to respectfully request, following the Court's individual practice 5(B), that certain commercially sensitive information necessary for the disposition of Defendant 4PX's motion for summary judgment be filed under redaction. As currently relates to papers before the Court, this information is in 4PX's letter requesting a pre-motion conference regarding a motion for summary judgment and the related Rule 56.1 statement of the parties.

Defendant 4PX contends that this commercially sensitive information is necessary for the disposition of the motion in that it limits or completely bars Otter's Tariff Act claim. It is the subject of a confidentiality agreement between the parties. Recognizing that this, alone, is not enough to warrant redaction, e.g., *In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015), 4PX respectfully submits that Otter's contentions regarding this information's commercial sensitivity adds enough to warrant redaction.

4PX also recognizes that any redaction or sealing must be narrowly tailored to achieve the legitimate purpose that justifies sealing the information from public view. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The legitimate purpose here would be not revealing Otter's commercially sensitive information. With this in mind, 4PX



respectfully submits that redaction of only those parts of the papers that mention the commercially sensitive information, while leaving the rest of the papers open to public view, is a narrowly tailored solution that appropriately balances the commercial sensitivity of the information with the public's right to access the judicial documents of this Court.

4PX additionally requests, following the Court's individual practice 5(B), that the Court file the unredacted versions of the redacted papers attached hereto under seal.

The parties have met and conferred regarding this issue, and Otter does not oppose this request.

Respectfully submitted,

Dated: December 13, 2024

_____
Edward Wells
Innovative Legal Services
355 S. Grand Ave., Suite 2450
Innovative Legal Services
Los Angeles, California 90071
(626) 344-8949
ted.wells@consultils.com
*Admitted pro hac vice*

*Attached*:
(1) 4PX's revised letter re pre-motion conference re MSJ (redacted)

(2) The Parties' Revised Rule 56.1 Statement (redacted)

(3) 4PX's revised letter re pre-motion conference re MSJ (unredacted and under seal)

(4) The Parties' Revised Rule 56.1 Statement (unredacted and under seal)