UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OTTER PRODUCTS, LLC,

        Plaintiff,

-against-

4PX EXPRESS USA INC.,

        Defendant.

**OPINION AND ORDER**

23-CV-11111 (PMH)

PHILIP M. HALPERN, United States District Judge:

Otter Products, LLC ("Plaintiff") brings this action for damages and injunctive relief against 4PX Express USA Inc. ("Defendant") under the Lanham Act and Tariff Act. (Doc. 13, "FAC"). Defendant moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 25; Doc. 25-1, "Def. Br."). Plaintiff filed opposition (Doc. 26, "Pl. Br."), and the motion was briefed fully with the filing of Defendant's reply (Doc. 27, "Reply").

For the reasons set forth below, Defendant's motion to dismiss is DENIED.

## BACKGROUND

The following facts are taken from the First Amended Complaint.

Plaintiff manufactures, distributes, and sells functional, durable, and award-winning personal electronics cases. (FAC ¶ 10). Plaintiff alleges that it owns various trademarks registered with the United States Patent and Trademark Office ("USPTO"). (*Id*. ¶ 12). "Defendant is the United States company of a China-based parent and acts as a global logistics storage, fulfillment, and transportation company," operating storage and shipping facilities across the United States. (*Id*. ¶ 17).

Plaintiff contends that Defendant is importing, storing, distributing, and using in interstate commerce merchandise bearing counterfeits and infringements of Plaintiff's registered trademarks. (*Id*. ¶ 18). Plaintiff, in 2021, sent two cease and desist letters, as well as emails, to

Defendant, putting Defendant on notice of Plaintiff's claims of counterfeiting and trademark infringement. (*Id.* ¶ 25). On May 20, 2021, United States Customs seized 180 counterfeit products imported by Defendant. (*Id.* ¶ 26). On May 25, 2021, Plaintiff sued Defendant in this Court in an action bearing Docket Number 21-CV-04650 (the "Prior Action"), alleging the same conduct at issue in this action. (*Id.* ¶ 27). That action was voluntarily dismissed on May 25, 2022.[1]

Plaintiff regularly monitors for the sale of counterfeit product, and on or about September 28, 2023, discovered a suspicious listing on eBay. (*Id.* ¶¶ 28-29). Plaintiff's agent then made a straw purchase from that eBay seller of an "OtterBox" cellphone case. (*Id.* ¶ 29). Plaintiff reviewed that purchase and confirmed it was not authentic OtterBox merchandise and did, in fact, bear counterfeits and infringements of Plaintiff's registered trademarks. (*Id.* ¶ 30). The return address on the purchase was Defendant's address, and Defendant confirmed that it did ship the counterfeit product at issue. (*Id.* ¶¶ 31-32). Defendant advised that it had additional inventory from that seller as well as other accounts distributing a large amount of counterfeit product. (*Id.* ¶¶ 33-35). Plaintiff alleges, upon information and belief, Defendant continued to ship its customers counterfeited merchandise despite being on notice of the issue. (*Id.* ¶¶ 36-38).

This litigation followed.

**STANDARD OF REVIEW**

I.    Federal Rule of Civil Procedure 12(b)(6)

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a

---

[1] The Court may take judicial notice of court documents. *Singh v. Meadow Hill Mobile Inc.*, No. 23-CV-05379, 2025 WL 81372, at *3 n.1 (S.D.N.Y. Jan. 13, 2025); *see also Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (stating that courts may take judicial notice of court documents); *Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 502 n.1 (S.D.N.Y. 2016) ("In deciding a motion to dismiss under Rule 12(b)(6), a court can take judicial notice of court documents.").

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2] A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

## ANALYSIS

Plaintiff presses five claims for relief in the First Amended Complaint: (i) a trademark counterfeiting claim under 15 U.S.C. § 1114; (ii) a trademark infringement claim under 15 U.S.C. § 1114; (iii) a claim of unfair competition, false designation of origin, and false description under 15 U.S.C. § 1125(a); (iv) a federal trademark dilution claim under claim under 15 U.S.C. § 1125(c);

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

and (v) a claim for unlawful importation of goods in violation of the Tariff Act, 19 U.S.C. § 1526(a). (*See generally* FAC). Defendant seeks dismissal of all five claims.

    I.        <u>Lanham Act Claims</u>

Plaintiff's First through Fourth Claims for Relief assert violations of the Lanham Act, on both direct and contributory theories of statutory trademark infringement, under 15 U.S.C. §§ 1114 (First and Second Claims for Relief) and 1125 (Third and Fourth Claims for Relief). Plaintiff's Lanham Act claims allege that Defendant knowingly used, in commerce, reproductions, counterfeits, and/or copies of Plaintiff's registered trademarks in connection with the importation, storage, and distribution of illicit goods covered by USPTO registrations for Plaintiff's registered trademarks (FAC ¶¶ 47, 58); that such conduct constitutes its use in commerce of false designations of origin and false and misleading descriptions and representations, likely to mislead and confuse the public as to the source, sponsorship, or affiliation of Defendant's counterfeit merchandise (*id*. ¶ 63); and that Defendant's conduct constitutes tarnishment of Plaintiff's registered trademarks (*id*. ¶ 71). Defendant argues that these claims must be dismissed because for a shipper to be directly liable under the Lanham Act, the law requires that it also either sell the counterfeit goods or intend to, but Plaintiff has not sufficiently so alleged; and that, in order to adequately plead contributory liability, shippers must continue to ship counterfeit goods on behalf of identified individuals it knows to be engaging in continuing trademark infringement. (Def. Br. at 9-14 (relying on *Nike, Inc. v. B&H Customs Servs., Inc.*, 565 F. Supp. 3d 498, 506-509 (S.D.N.Y. 2021); and *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 107–09 (2d Cir. 2010)).

Courts analyze claims under 15 U.S.C. §§ 1114 and 1125 using the same standard. *Nike, Inc.*, 565 F. Supp. 3d at 508 ("[I]t is well-established that claims under Sections 1114 and 1125(a) are treated the same."); *1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406-07 (2d Cir.

4

2005). To establish a claim under 15 U.S.C. § 1114 or § 1125(a), a plaintiff must show that "(1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) in connection with the sale, offering for sale, distribution, or advertising of goods or services, (5) without the plaintiff's consent." *Nike, Inc.*, 565 F. Supp. 3d at 506.

With respect to the theory of direct trademark infringement, a transporter may be liable "when only transportation, and not a sale, is shown, so long as the defendant intends to sell, advertise, or distribute the goods." *Id*. at 508. "[T]ransporters are not strictly liable for direct infringement under Sections 1114 and 1125(a) where they unwittingly transport counterfeit goods for a customer. That said, they may be held liable on a contributory infringement theory if the plaintiff proves that they knew their customers were dealing in infringing goods or they induce their customers to do so." *Id*. at 509.

With respect to the contributory infringement theory, a manufacturer or distributor is liable for contributory counterfeiting and trademark infringement if it "intentionally induces another to infringe a trademark, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement." *Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc.*, 456 U.S. 844, 854 (1982). "[T]he Second Circuit has long held that the knowledge requirement for contributory infringement is satisfied where the defendant has reason to suspect that counterfeit goods are being sold using its service and intentionally shielded itself from discovering the identity of customers engaged in counterfeiting." *Nike, Inc.*, 565 F. Supp. 3d at 512 (citing *Tiffany (NJ) Inc.*, 600 F.3d at 109).

Defendant argues that because it is simply an unwitting shipper, fulfilling orders of consumer products and shipping them, Plaintiff has not alleged direct trademark infringement.

(Def. Br. at 9-10). And because, Defendant argues, Plaintiff has not sufficiently alleged that Defendant *knowingly* shipped counterfeit products, Plaintiff's contributory infringement theory likewise fails. (*Id*. at 10-14).

Plaintiff has sufficiently pled the elements of direct trademark infringement by demonstrating that it has multiple valid federally registered trademarks (FAC ¶ 12), which Defendant used in commerce "in connection with the sale, offering for sale, or distribution of the Counterfeit Product" (*id*. ¶ 18), without Plaintiff's consent (*id*. ¶ 40). Plaintiff sufficiently pleads Defendant's acts of "distribution" or "distributing," which, for pleading purposes, suffice to state a claim of direct counterfeiting and trademark infringement. (*Id*. ¶¶ 2, 3, 18, 19, 20, 37(b), 39, 40, 47, 50, 55, 58, 63, 64, 65).

Further, Plaintiff's pleading that Defendant is not simply an "unwitting shipper" is not merely conclusory, as Plaintiff pleads facts which, taken as true, provide ample foundation for that element of its claims. Plaintiff alleges that Defendant had general and specific notice of its illegal activities. (*Id*. ¶¶ 19-38). Plaintiff pleads that the straw purchase was not an isolated incident, and that a network of eBay sellers were offering counterfeit product and utilizing Defendant's distribution services. (*Id*. ¶¶ 33-35). Plaintiff alleged that it identified to Defendant additional sellers using Defendant's services to distribute counterfeit product, that Defendant continued to provide services to those sellers thereafter, and that Defendant "turned a blind eye to its customers' illegal conduct in order to profit from their unlawful activities." (*Id*. ¶¶ 32-38). Defendant confirmed that it shipped the counterfeit product at issue, and Defendant was on notice of additional sellers using its services to distribute counterfeit product. (*Id*. ¶¶ 32-35). These allegations are sufficient to plead that Defendant was more than an "unwitting shipper" in

6

distributing counterfeit merchandise, and also sufficient to state a claim under Plaintiff's theory of contributory counterfeiting and trademark infringement.

Under the circumstances, Plaintiff has adequately alleged facts supporting its theories of liability under the Lanham Act. Defendant's arguments on this motion are more properly the subject of a motion for summary judgment,[3] when the question is not whether the claims have been adequately pled, but whether the evidence establishes that the elements of the claims have been met. Accordingly, Defendant's motion to dismiss the First through Fourth Claims for Relief is denied.

## II.     Tariff Act Claim

Plaintiff's Fifth Claim for Relief asserts a claim under the Tariff Act. Defendant argues this claim should be dismissed as duplicative of the First through Fourth Claims for Relief as they are not "legally distinct." (Def. Br. at 15; Reply at 10). Defendant does not cite any authority for its position beyond the text of the statute. Plaintiff notes that the Lanham Act claim in *Nike* was dismissed as duplicative of the Tariff Act claim but distinguishes that case on the ground that the section of the Lanham Act at issue there was different than those at issue in this case. (Pl. Br. at 11-12).

The Court is not persuaded that Plaintiff's Tariff Act claim is duplicative of its First through Fourth Claims for Relief. Specifically, the Tariff Act claim is pled as Defendant's international importation of counterfeit product into the United States, whereas the Lanham Act claims concern Defendant's distribution of counterfeit product and therefore Defendant's use of Plaintiff's mark in commerce. Plaintiff's Tariff Act claim accounts for the process by which Defendant has introduced counterfeit product originating in China into United States commerce. Because other

---

[3] Indeed, Defendant intends to move for summary judgment. (*See* Docs. 46, 47). The Court has scheduled a pre-motion conference concerning the anticipated motion. (Doc. 50).

courts have permitted Lanham Act and Tariff Act claims to proceed to summary judgment and trial, this Court cannot conclude as a matter of law at this juncture that the claims are legally duplicative. *See, e.g.*, *Nike, Inc.*, 565 F. Supp. 3d at 518 (permitting claims under Sections 1114 and 1125(a) of the Lanham Act as well as the Tariff Act claim to proceed to trial); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 13-CV-00816, 2016 WL 11468565, at *3 (S.D.N.Y. Mar. 29, 2016) (same); *In re Houbigant Inc.*, 914 F. Supp. 964, 981-82 (S.D.N.Y. 1995) (declining to dismiss under Rule 12(b)(6) claims under Sections 1114 and 1125(a) of the Lanham Act as well as the Tariff Act).

Accordingly, Defendant's motion to dismiss the Fifth Claim for Relief is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

Defendant is directed to file an answer to the First Amended Complaint within five days of the date of this Order.

The pre-motion conference concerning Defendant's anticipated motion for summary judgment will proceed by telephone on April 17, 2025 at 12:00 p.m.

The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 25.

SO ORDERED:

Dated:  White Plains, New York
        January 31, 2025

*[signature]*
_____
PHILIP M. HALPERN
United States District Judge